**Kenneth A. TODDEN, Appellant,**

v.

**Calvin AUGER, Appellee.**

**No. 86–2339.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 25, 1987.

Decided March 23, 1987.

David D. Butler, Des Moines, Iowa, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before ROSS, ARNOLD, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

Kenneth A. Todden, an Iowa State Penitentiary inmate, appeals the District Court's[1] denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Todden was convicted of first-degree murder on January 17, 1983 and sentenced to life imprisonment. Todden appealed his conviction, and, while this appeal was pending, brought an action for post-conviction relief in state district court under Iowa Code Chapter 663A. The state district court denied post-conviction relief, and Todden appealed this order as well. The two appeals were consolidated by the Iowa Supreme Court, which affirmed the conviction and the denial of post-conviction relief. 364 N.W.2d 195 (Iowa 1985). Todden then filed this petition.

The State's evidence against Todden consisted principally of the testimony of Todden's two housemates and of items seized from Todden's bedroom, which was located in the southeast corner of the house. After the trial, but before post-conviction proceedings began, Todden discovered that the police evidence tags and the receipt for the items seized from the bedroom indicated that the items came from the southwest, rather than southeast, corner of the house. No one noticed this discrepancy at trial, and the defense did not dispute at trial that the items actually came from Todden's room.

Todden asserted in his state post-conviction proceeding that the prosecutor's failure to point out the discrepancy was a

---

1. The Hon. Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

violation of the State's obligation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to disclose material exculpatory evidence. In the post-conviction proceeding, the officer who seized the items testified, and the Court found, that he had simply mislabeled the evidence tags, and that the items had in fact come from Todden's room at the southeast corner of the house. The state courts rejected Todden's *Brady* argument, noting that before trial Todden had all the information and evidence that reflected the labelling error. 364 N.W.2d at 199.

In the District Court, Todden reiterated his *Brady* claim and also asserted that his trial counsel's failure to note the discrepancy constituted ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The District Court concluded that Todden had exhausted his state remedies, but went on to reject his arguments on their merits. The District Court agreed with the state courts' analysis of the *Brady* issue. It rejected Todden's ineffective-assistance-of-counsel arguments on the grounds that Todden's counsel's failure to note the discrepancy was not unreasonable under prevailing professional norms, and, more importantly, that given the strength of the State's evidence, there was no reasonable probability that, but for counsel's oversight, the jury's verdict would have been different. We agree with the District Court, and affirm for the reasons set forth in its opinion. See 8th Cir.R. 14.

We appreciate the services of court-appointed counsel.